IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEREMY PAUL MIMS                                                     PLAINTIFF

V.                          CASE NO. 5:12-CV-05243

SHERIFF TIM HELDER and
DR. HOWARD                                                  DEFENDANTS

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 61) of the Honorable Erin L. Setser, United States Magistrate for the Western District of Arkansas, filed in this case on February 12, 2015, regarding Defendants Sheriff Tim Helder's and Dr. Howard's Motion for Summary Judgment (Doc. 44) and supporting documents (Docs. 45 and 46); Plaintiff Jeremy Paul Mims' ("Mims") Response in Opposition (Doc. 48); and Defendants' Reply (Doc. 50). Also before the Court are Mims' Objections to the R & R (Doc. 62). The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which Mims has raised objections. 28 U.S.C. § 636(b)(1). Accordingly, the Court finds that the R & R should be, and hereby is, **APPROVED** and **ADOPTED**, and Mims' Complaint is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

While incarcerated at Washington County Detention Center ("WCDC"), Mims filed suit against Defendants, asserting that his constitutional rights were violated because: (1) he was subjected to cruel and unusual punishment when he was forced to stop taking Dilantin, his anti-seizure medication, and was instead provided Phenobarbital and

Amitriptyline by Dr. Howard, which he contends increased the frequency and severity of his seizures; and (2) Defendants retaliated against him for filing this lawsuit. In his Response to Summary Judgment, Mims states that he is no longer pursuing his retaliation claim or any individual-capacity claims against Defendants. The Court adopts the detailed facts as set forth in the R & R, and therefore it is unnecessary to recount them here.

The Magistrate recommends that: (1) Defendants' Motion for Summary Judgment is timely; (2) Mims failed to exhaust his administrative remedies prior to filing suit; and (3) Mims failed to show an unconstitutional policy or custom in Defendants' failure to specifically enumerate seizures as a condition requiring a call for emergency assistance.

Mims offers two objections to the Magistrate's recommendation. First, he contends that he did exhaust his administrative remedies. Second, Mims argues that the medical staff's failure to properly treat his seizures constitutes cruel and unusual punishment, and that WCDC's failure to list in its written policy that seizures are to be considered an emergency condition is a violation of his constitutional rights. Mims does not offer objections to the Magistrate's finding that Defendants' Motion is timely, nor do Defendants object to any portion of the R & R.

Because the Magistrate addressed the merits of Mims' claims although she found that he did not exhaust his administrative remedies, his objection as to exhaustion is moot and will not be addressed. Therefore, the Court addresses only Mims' allegation that Defendants denied him proper medical care and failed to list seizures as an emergency condition in WCDC's written policy.

## II. DENIAL OF MEDICAL CARE

Mims objects to the Magistrate's finding that he failed to support a claim that his constitutional rights were violated when Defendants did not treat his seizures as an emergency situation or to specifically enumerate seizures in the listed emergencies within WCDC's written policy. The Court does not agree and adopts the Magistrate's reasoning on this claim. While the Court is mindful that it must view the factual matter and all reasonable inferences in the light most favorable to Mims, Scott v. Harris, 550 U.S. 372, 378 (2007), the record shows that there is no genuine dispute as to any material fact, and therefore Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

"Under the Eighth Amendment's proscription against 'cruel and unusual punishments,' prison officials must provide medical care to inmates." Hines v. Anderson, 547 F.3d 915, 920 (8th Cir. 2008) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Failure to provide medical care to prisoners amounts to a constitutional violation only when the plaintiffs show "(1) that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997)); see also Farmer v. Brennan, 511 U.S. 825, 825-26 (1994). An official who acts reasonably, though through hindsight is found to have acted incorrectly, has not violated the Eighth Amendment. Thus, medical malpractice claims do not necessarily constitute Eighth Amendment violations. Dulany, 132 F.3d at 1243. Further, "[i]nmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." Id. at 1239.

Here, Mims sues Defendants in their official capacities only. Official-capacity claims are the functional equivalent of a suit against the employing governmental entity—in this case, Washington County. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In order to hold a municipality liable under 42 U.S.C. § 1983, its liability cannot be based solely upon the doctrine of *respondeat superior*. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To prevail on this issue, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity. *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citing *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)). "There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Id.* at 817-18 (citing *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008)). "Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability." *Id.* (citing *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389–90 (8th Cir. 2007)).

The Court rejects Mims' argument that WCDC's failure to list seizures as a ground to call for emergency medical assistance is an unconstitutional policy. In fact, WCDC personnel are not limited to the list of enumerated emergencies, but are required to consider "[a]ny other health or life threatening condition deemed to be an emergency by

4

a detention facility officer." (Doc. 46-3, p. 7). Mims fails to show medical personnel violated his constitutional rights by refusing to consider his seizures as an emergency.

Although Mims states that he asked on multiple occasions to be taken to the hospital for his seizures, he admits that he never asked in writing to go to the hospital and never asked to see Dr. Howard and was subsequently refused. (Doc. 48-1, p. 6). Assuming *arguendo* that Mims did indeed ask to go to the hospital on multiple occasions and was refused, such refusal constitutes an exercise in medical judgment and does not constitute deliberate indifference. *Dulany*, 132 F.3d at 1239 (inmates do not have a constitutional right to a particular course of treatment). "Whether a prison's medical staff deliberately disregarded the needs of an inmate is a fact-intensive inquiry." *Nelson v. Shuffman*, 603 F.3d 439, 448 (8th Cir. 2010) (internal citations omitted). "The inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* at 449 (citing *Dulany*, 132 F.3d at 1239). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Id.* (citing *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992)). "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." *Id.* (citing *Dulany*, 132 F.3d at 1240).

The record shows that Dr. Howard determined that Mims was taking an abnormally large dosage of Dilantin, and the jail nurse was unable to confirm the dosage at the

hospital to which Mims directed her. According to Dr. Howard, the high levels of Dilantin in Mims' system were "counterproductive in regards to seizure activity" and could damage Mims' liver. (Doc. 46-2, p.2). Deciding to treat Mims in the jail and not take him to the hospital was a medical judgment, and it cannot be said that Dr. Howard disregarded Mims' medical needs. In fact, the record reveals that Dr. Howard considered the effects that Dilantin was having on Mims, determined his dosage was at a dangerously high level, reduced his dosage, and in addition, pursued alternative forms of treatment and prescribed other mediation. Further, Dr. Howard stated in his affidavit that while he could not confirm that Mims actually suffered seizure episodes, Dr. Howard accepted Mims' reports of seizures as true and treated him accordingly.

Because Mims' allegations are insufficient to support the existence of an unconstitutional policy or custom, Defendants' Motion shall be **GRANTED**.

### III. CONCLUSION

The Report and Recommendations (Doc. 61) is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**. Defendants' Motion for Summary Judgment (Doc. 44) is **GRANTED**, and Plaintiff Jeremy Paul Mims' Complaint is **DISMISSED WITH PREJUDICE**. A judgment dismissing the case will be filed contemporaneously with this Order.

**IT IS SO ORDERED** this 18th day of March, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE